UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

FABRIS,

        Defendant.

Case No.  17-cr-00386-VC-2

**ORDER GRANTING MOTION FOR COMPASSIONATE RELEASE**

Re: Dkt. No. 79

In September of 2018, this Court sentenced Shane Fabris to sixty months in prison for distributing methamphetamine and conspiring to distribute methamphetamine. Fabris began serving his sentence in January of 2019. On May 26, 2020, Fabris requested that the Bureau of Prisons file a motion for compassionate release on his behalf. The BOP did not act on his request, so on June 6, Fabris himself filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). *See* Dkt. No. 79. The motion is granted.

A court may rule on a defendant's compassionate release motion if thirty days have lapsed since the defendant made his request to the BOP. The defendant and the government agree that thirty days have lapsed as of today. Thus, even accepting for argument's sake the government's position that courts may not excuse failure to exhaust in this context, the Court may consider the merits of Fabris's motion and reduce his sentence accordingly.

Compassionate release is appropriate when "extraordinary and compelling reasons warrant . . . a reduction" in a defendant's sentence. 18 U.S.C. § 3582(c)(1)(A). The reduction in sentence must be consistent with the sentencing factors listed in section 3553(a), as well as with "applicable policy statements" issued by the Sentencing Commission. *Id.* The Commission has

issued a policy statement applicable to compassionate release motions that the BOP makes on behalf of defendants, see U.S.S.G. § 1B1.13, but Fabris brings the motion himself, under a mechanism that did not exist when the policy statement was issued. The Commission has issued no updated policy statement addressing motions brought by defendants, and this Court joins others in concluding that the old statement does not constrain its discretion with respect to these new compassionate release motions. *See United States v. Rodriguez*, 424 F. Supp. 3d 674, 681 (N.D. Cal. 2019) (collecting cases); *see also United States v. Quinn*, No. 91-cr-00608-DLJ (RS), 2020 WL 3275736, at *5 (N.D. Cal. June 17, 2020) (noting a split in authority but joining the "growing number of district courts" that find the old policy statement inapplicable).

Compassionate release is appropriate in Fabris's case. Fabris suffers from severe asthma, putting him at risk for suffering severe illness if he contracted Covid-19. The government acknowledges that these circumstances present "an extraordinary and compelling reason" warranting compassionate release. And Fabris is not likely to be a danger to the community. After considering all the sentencing factors listed in 18 U.S.C. § 3553(a), the Court concludes that they support a sentence of home confinement. Thus, Fabris's motion for compassionate release is granted on the condition that he spend the unserved portion of his sentence in home confinement. The conditions and term of supervised release following the completion of this sentence remain the same.

**IT IS SO ORDERED.**

Dated: June 25, 2020

VINCE CHHABRIA
United States District Judge